# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------x
                                        :

UNITED STATES OF AMERICA,       :     Criminal No. 3:14CR00141(JBA)
                                          :

v.                                      :
                                          :

BRANDEN HUERTAS          :     November 26, 2014
                                          :
-------------------------------------------------------x

## MOTION TO PROVIDE DISCOVERY TO DEFENDANT

The accused in a criminal matter has certain key rights which cannot be denied him:

> Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness.  We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense.  To safeguard that right, the Court has developed "what might loosely be called the area of constitutionally guaranteed access to evidence."  United States v. Valenzuela–Bernal, 458 U.S. 858, 867 (1982).

California v. Trombetta, 467 U.S. 479, 485 (1984).

The defendant, Branden Huertas, seeks to vindicate his fundamental right to access to evidence in this case.  Mr. Huertas hereby moves for a order permitting undersigned counsel to provide a copy of any and all discovery materials in this matter to the defendant for his review, unless the government seeks and is granted a protective order as to particular items of discovery.

Mr. Huertas was arraigned on the federal indictment, which charges him with unlawful possession of a firearm under two theories, on July 8, 2014; he has been detained at the Bridgeport Correctional Center throughout the pendency of these proceedings.  The government has provided materials to undersigned counsel pursuant to the Standing Order of this Court

regarding discovery in criminal cases, and pursuant to Rule 16 of the Federal Rules of Criminal Procedure, including, generally:

- police reports regarding the arrest of Mr. Huertas;

- recordings of police activity at or near the time of the arrest of Mr. Huertas;

- photographs of the evidence, including a firearm the government asserts was possessed by Mr. Huertas; and

- documents regarding Mr. Huertas' criminal history, including documents relating to his prior domestic disputes with the complainant in this case.

The government's July 22, 2014, cover letter enclosing the initial discovery materials states that the government "intends to use all the disclosed evidence in its case-in-chief at trial." In this case, the discovery materials are simple, and not voluminous. The Indictment is simple, charging only two counts based on an single firearm, and naming no co-defendants.

The complainant who initially contacted the police to assert that a "guy ... has a gun in the bag he's carrying" is known to Mr. Huertas. There are no other cooperating witnesses, and no undercover officers are involved in this matter. There is, in sum, no good reason to withhold these materials from the defendant.

Mr. Huertas has made the reasonable request that he be provided with copies of the discovery materials for his review.[1]  While Mr. Huertas is incarcerated, it is difficult for him to review the materials if he does not have his own copy; counsel must travel to the jail, arrange for a meeting, and sit with Mr. Huertas while he reviews the materials. The time available for such

---

[1] There is no practical way for Mr. Huertas to review audio or video recordings on his own in jail; accordingly, this request is presently limited to materials that can be provided in paper form.

meetings is necessarily limited, and Mr. Huertas is not comfortable that he has had sufficient time to examine the materials such that he can make sound decisions about his own case.  Unlike defendants who are detained at Wyatt, there is no way for defendants in state facilities to review their discovery materials in an "evidence room."  Accordingly, he can only review the discovery when counsel is visiting.

Mr. Huertas has an absolute right to view the evidence against him.  Rule 16 provides that the government "must permit the defendant to inspect **and to copy**" documents in the government's possession if "the item is material to preparing the defense" or "the government intends to use the item in its case-in-chief at trial."  Fed. R. Crim. P. 16(a)(1)(E) (emphasis added).  Each of the items provided to undersigned counsel to date fall within this Rule.  If the government believes that disclosure of unredacted copies of these materials to the defendant will endanger the safety of some third party or pose some other risk, the government should seek a protective order under Fed. R. Crim. P. 16(d) and show "good cause" for restricting disclosure of the evidence.

Counsel for the government, Assistant United States Attorney Alina Reynolds, objects to this request.  The Court has set this case down for a status conference on December 10, 2014.

Respectfully submitted,

THE DEFENDANT,
BRANDEN HUERTAS

OFFICE OF THE FEDERAL DEFENDER

Dated: November 26, 2014          ___/s/ Sarah A. L. Merriam_____
                                  Sarah A. L. Merriam
                                  Assistant Federal Defender
                                  265 Church Street, Suite 702
                                  New Haven, CT   06510
                                  Phone: 203-498-4200
                                  Fax: 203-498-4207
                                  Bar No.: ct25379
                                  Email: sarah_merriam@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 26, 2014, a copy of the foregoing motion was
filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of
this filing will be sent to all parties by operation of the Court's electronic filing system or by mail
to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.
Parties may access this filing through the Court's CM/ECF System.

          ___/s/ Sarah A. L. Merriam_____
                Sarah A. L. Merriam