UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRANDEN HUERTAS | Crim. No. 3:14cr141 (JBA)<br><br>March 13, 2015 |

**RULING ON DEFENDANT'S MOTION TO PROVIDE DISCOVERY [DOC. # 19] AND GOVERNMENT'S MOTION FOR PROTECTIVE ORDER [DOC. # 31]**

Defendant Branden Huertas, indicted on one count of unlawful possession of a firearm by a convicted felon and one count of unlawful possession of a firearm by a person subject to a protective order, seeks to "vindicate his fundamental right to access to evidence in this case" by his Motion [Doc. # 19] to Provide Discovery to Defendant, seeking his own personal copies of the Government's discovery materials which have been provided to his counsel for review with him.  The Government opposes and seeks a protective order [Doc. # 31] preventing Mr. Huertas himself from retaining the discovery material produced to his attorney.  Mr. Huertas is currently incarcerated at Bridgeport Correction Center ("BCC").  It is undisputed that the Government has given Mr. Huertas's counsel copies of the discovery at issue pursuant to Federal Rule of Criminal Procedure 16, but on terms that prohibit Mr. Huertas from keeping a copy of the materials in his cell.  In the facility in which he is being detained, Mr. Huertas maintains that he is provided with insufficient time with his counsel to adequately review the material and properly participate in his own defense, and requires the opportunity to also review these materials when his counsel is not present.

The Government, in seeking a protective order preventing Mr. Huertas from obtaining his own copy of the discovery, contends that giving the material to Mr. Huertas could put the Government's witness in danger.[1] The victim witness is Mr. Huertas's girlfriend, with whom Mr. Huertas has a history of domestic violence. Defendant has pending protective order violation charges in State Court, as well as the instant federal firearm charges. The Government reasonably fears for her safety.

Rule 16 requires the Government to "permit the defendant to inspect and to copy . . . books, documents, data, [and] photographs. . . , if the item is within the government's possession, custody, or control and . . . the government intends to use the item in its case-in-chief at trial." Fed. R. Civ. P. 16(a)(E). The Government acknowledges that the material Mr. Huertas seeks falls under Rule 16, but contends that there is good cause for a protective order in this case, pursuant to Rule 16(d)(1). *See* Fed. R. Civ. P. 16(d)(1) ("At any time the court may for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.").

There is no doubt protection of witnesses satisfies the Rule's good cause standard. However, while Mr. Huertas recognizes he has no right to unfettered access to discovery (Def.'s Mem. Supp. Mot. for Discovery [Doc. # 19] at 4), he maintains that the

---

[1] The Government acknowledges that it would have no objection to providing Defendant with a personal copy for review at his convenience outside the presence of counsel, if he were detained at Wyatt Detention Center (a four-hour round trip for defense counsel) where discovery materials are secured and can be examined on computers in evidence review rooms as available. BCC, where Defendant has requested to be held, has no such evidence review rooms or security arrangements. Further, as Defendant recognizes, there is no way for him to review the audio and video discovery at BCC. Thus he seeks only paper discovery.

Government's proposed protective order is overbroad because in claiming the need for a protective order "to make sure that the materials are not improperly used against witnesses and individuals in this case" only a "broad, unsubstantiated" basis is alleged. Since the protective order sought by the Government is broader than just for documents with information relating to domestic violence issues and covers potentially unrelated arrest incident reports and ATF reports of approximately 50 pages, photographs, and lab results, it is broader than necessary and it will not be granted in the blanket form proposed which limits possession and control of "Government's Discovery Materials" to counsel, staff and specifically retained individuals.

Accordingly, the Government's Motion for a Protective Order is GRANTED as to any document which by its nature discloses the identity of any witness or statements attributed to such witness, and is DENIED without prejudice to renew in seven days with identification of other specific materials for which a protective order is sought to protect witnesses and/or curtail public dissemination. The Court assumes that the limited amount of discovery on this single defendant case will not be unduly burdensome.

If no further protective order is sought, the Court will enter one limited as set forth above. Until then, Defendant's Motion to Provide Discovery remains under advisement.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 13th day of March, 2015.